# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

**ANGELA ELMORE,**

           **Plaintiff,**

  **v.**                                        **01-CV-01121**
                                                  **(GLS)**

**COMMISSIONER OF SOCIAL SECURITY,**

                    **Defendant.**

---

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Oot & Associates Law Firm          NEAL P. McCURN JR., ESQ.
503 East Washington Street
Syracuse, NY 13202

**FOR THE DEFENDANT:**
HON. GLENN T. SUDDABY       WILLIAM H. PEASE
United States Attorney             Assistant U.S. Attorney
PO Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

### I.  INTRODUCTION

Angela Elmore challenges the denial of disability benefits by the Commissioner of Social Security.  Elmore brings this action pursuant to 42 U.S.C. § 405(g) seeking review of the Commissioner's final determination. Having reviewed the administrative record, the court affirms the Commissioner's decision.

### II.  CONTENTIONS

Elmore contends that the Administrative Law Judge (ALJ) failed to 1) consider the opinion of her treating physician; 2) and fully credit her subjective complaints of pain.  The Commissioner counters that substantial evidence supports the ALJ's decision that Elmore was not disabled.

### III.  FACTS

The evidence in this case is not in dispute, and the court incorporates the parties' factual recitations.  *See Pl.'s Br., pp. 2-3, Dkt. No. 8; Def.'s Br., pp. 2-15, Dkt. No. 10.*

### IV.  DISCUSSION

2

**A.    Standard and Scope of Review**

A court's review of the Commissioner's final decision is limited to

determining whether the correct legal standards were applied and whether

substantial evidence supports the decision.  *Urtz v. Callahan*, 965 F. Supp.

324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d

Cir. 1987)).  Although the Commissioner is ultimately responsible for

determining a claimant's eligibility, the actual disability determination is

made by an ALJ.  The ALJ's decision is subject to judicial review on

appeal.  A court may not affirm an ALJ's decision if it reasonably doubts

whether the proper legal standards were applied, even if it appears to be

supported by substantial evidence.  *Johnson*, 817 F.2d at 986.  In addition,

an ALJ must set forth the crucial factors justifying his findings with sufficient

specificity to allow a court to determine whether substantial evidence

supports the decision.  *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir.

1984).

A court's factual review of the Commissioner's final decision is limited

to the determination of whether there is substantial evidence in the record

to support the decision.  42 U.S.C. § 405(g); *see Rivera v. Sullivan*, 923

F.2d 964, 967 (2d Cir. 1991).  "Substantial evidence has been defined as

3

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted).  It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990).  "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258.  However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The court has authority to reverse with or without remand.  42 U.S.C. § 405(g).  Remand is appropriate where there are gaps in the record or further development of the evidence is needed.  *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980); *Cutler v. Weinberger*, 516 F.2d 1282, 1287

4

(2d Cir. 1975) (remand to permit claimant to produce further evidence).

Reversal is appropriate, however, when there is "persuasive proof of

disability" in the record and remand for further evidentiary development

would not serve any purpose. *Parker*, 626 F.2d at 235; *Simmons v. United*

*States R.R. Ret. Bd.*, 982 F.2d 49, 57 (2d Cir. 1992); *Carroll v. Sec'y of*

*HHS*, 705 F.2d 638, 644 (2d Cir. 1983) (reversal without remand for

additional evidence particularly appropriate where payment of benefits

already delayed for four years and remand would likely result in further

lengthening the "painfully slow process" of determining disability).

**B.     Five-Step Disability Determination**

The definition of "disabled" is the same for purposes of receiving

Social Security Disability Insurance (SSDI) and Supplemental Security

Income (SSI) benefits.  To be considered disabled, a plaintiff seeking SSDI

or SSI benefits must establish that she is "unable to engage in any

substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not

less than twelve months..." 42 U.S.C. §§ 423(d)(1)(A),1382c(a)(3)(A).[1]

The Commissioner uses a five-step process to evaluate SSDI and SSI

claims.  20 C.F.R. §§ 404.1520, 416.920.[2]  Step One requires the ALJ to

determine whether the claimant is presently engaging in substantial gainful

activity (SGA).  20 C.F.R. §§ 404.1520(b), 416.920(b).  If a claimant is

engaged in SGA, she will not be considered disabled.  If the claimant is not

engaged in SGA, Step Two requires the ALJ to determine whether the

claimant has a severe impairment.  20 C.F.R. §§ 404.1520(c), 416.920(c).

If the claimant is found to suffer from a severe impairment, Step Three

———————————————

[1]In addition, a claimant's

> physical or mental impairment or impairments [must be] of such
> severity that she is not only unable to do her previous work but
> cannot, considering her age, education, and work experience, engage
> in any other kind of substantial gainful work which exists in the
> national economy, regardless of whether such work exists in the
> immediate area in which she lives, or whether a specific job vacancy
> exists for her, or whether she would be hired if she applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Therefore, a plaintiff must not only carry a medically determinable impairment but an
impairment so severe as to prevent her from engaging in any kind of substantial gainful work
which exists in the national economy.

[2] The court notes that revised versions of these sections came into effect in September
2003.  *See* 68 Fed. Reg. 51161, 51164 (Aug. 26, 2003).  In the revised versions, paragraph (e)
clarifies the application of the RFC determination.  New paragraphs (f) and (g), with certain
modifications, correspond to the prior versions' paragraphs (e) and (f), respectively.  These
revisions do not affect the Five-Step Disability Determination sequence.  The revised versions
have no effect on the outcome of this case.  For considerations of uniformity, and because the
ALJ's decision came under the old versions, the court retains the old nomenclature in its
analysis.

6

requires the ALJ to determine whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 §§ 404.1520(d), 416.920(d).  If the impairment meets or equals a listed impairment, the claimant is presumptively disabled.  *Ferraris*, 728 F.2d at 584.  If the claimant is not presumptively disabled, Step Four requires the ALJ to consider whether the claimant's Residual Functional Capacity (RFC) precludes the performance of her past relevant work.  20 C.F.R. §§ 404.1520(e), 416.920(e).  At Step Five, the ALJ determines whether the claimant can do any other work.  20 C.F.R. §§ 404.1520(f), 416.920(f).

The claimant has the burden of showing that she cannot perform past relevant work.  *Ferraris*, 728 F.2d at 584.  However, once the claimant meets that burden, benefits can only be denied by showing, with specific reference to medical evidence, that the claimant can perform some less demanding work.  *See White v. Sec'y of HHS*, 910 F.2d 64, 65 (2d Cir. 1990); *Ferraris*, 728 F.2d at 584.  In making this showing, the ALJ must consider the claimant's RFC, age, education, past work experience, and transferability of skills, to determine if the claimant can perform other work existing in the national economy.  20 C.F.R. §§ 404.1520(f), 416.920( f); *see New York v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

7

In this case, the ALJ found that Elmore satisfied Step One because she had not worked since March 1997.  (Tr. 16).  In Step Two, the ALJ determined that Elmore had a "severe" impairment due to degenerative disc disease.  *Id.*  In Step Three, the ALJ determined that her impairment failed to equal an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Regulations No. 4. *Id.*  In Step Four, the ALJ determined that Elmore did not have the RFC to perform her past relevant work as a nurse's aide.  *Id.*  In Step Five, the ALJ determined that Elmore possessed the RFC for a wide range of sedentary and light work.  Consequently, he found that Elmore was not disabled and denied benefits.

## C.   **Treating Physcian Rule**

Elmore contends that the ALJ failed to give controlling weight to the findings of her treating physician, Dr. Michael Lax.  More specifically, she argues that the ALJ ignored Dr. Lax's finding of total disability and instead solely relied on unfavorable medical opinions from non-treating physicians.

The opinion of a treating physician is given controlling weight if it is based upon well-supported, medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial

8

evidence.  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see Schaal v. Apfel*, 134 F.3d 496 (2d Cir. 1998).  An ALJ may not arbitrarily substitute his own judgment for a competent medical opinion.  *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999).  If the treating physician's opinion is not given "controlling weight," the ALJ must assess several factors to determine how much weight to afford the opinion.  The factors are: the length of the treatment relationship, the frequency of examination by the treating physician for the condition(s) in question, the medical evidence supporting the opinion, the consistency of the opinion with the record as a whole, the qualifications of the treating physician, and other factors tending to support or contradict the opinion.  20 C.F.R. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6).

Moreover, the "ultimate finding of whether a claimant is disabled and cannot work is 'reserved to the Commissioner.'"  *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (citation omitted).  "That means that the Social Security Administration considers the data that physicians provide but draws its own conclusions."  *Id.*  Thus, a treating physician's disability assessment is not determinative.  *Id.*  Furthermore, where the evidence of record includes medical source opinions that are inconsistent with other

9

evidence or are internally inconsistent, the ALJ must weigh all of the

evidence and make a disability determination based on the totality of that

evidence.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Here, Elmore contends that the ALJ completely failed to consider the

opinion of Dr. Lax, her long-term treating physician, and instead gave

undue weight to the opinions of non-treating physicians.  *See Pl. Br. p. 4,*

*Dkt. No. 8.*  Elmore also claims that the ALJ failed to consider Dr. Lax's

finding of total disability.  These contentions are without merit.  The ALJ's

decision was based on substantial evidence for several reasons.  First, the

record shows that the ALJ cited the opinion of Dr. Lax as part of his overall

disability determination and did not disregard his opinion.  (Tr. 12).  Dr. Lax

assessed Elmore under worker's compensation standards.  The

Commissioner is not bound by a treating source opinion rendered for

worker's compensation.  *See* 20 C.F.R. § 404.1504.  Second, Dr. Lax's

opinion is not entirely inconsistent with the findings of other physicians as

suggested by Elmore.  Finally, Dr. Lax did not find Elmore totally disabled.

In evaluating Elmore's capacity for sedentary and light work, the ALJ

used the opinion of Dr. Lax as part of his overall determination.  (Tr. 12).  In

August 1997, Dr. Lax found Elmore "temporarily totally disabled".  (Tr.

10

125).  He further opined that Elmore had chronic cervical strain, and

instructed her not to lift, carry, push or pull more than 20 pounds but that

she could do light work at her present job within these restrictions.  *Id.*  Dr.

Lax's RFC determination was consistent with other medical opinions cited

by the ALJ.[3]  Therefore, Elmore's characterization of the ALJ's treatment of

Dr. Lax's opinion is erroreous.  Accordingly, the ALJ's decision was

supported by substantial evidence.

**D.   <u>Subjective Complaints of Pain</u>**

Moreover, Elmore contends that the ALJ improperly discredited her

subjective complaints of pain.  The Commissioner is obligated to evaluate

all of a claimant's symptoms, including pain, and the extent to which those

symptoms can reasonably be accepted as consistent with the objective

medical evidence and other evidence.  20 C.F.R. §§ 404.1529(a),

416.929(a).  The ALJ must perform a two-step analysis.  *See* 20 C.F.R. §§

404.1529, 416.929; *see also Crouch v. Comm'r, Soc. Sec. Admin.*, 6:01-

CV-0899, 2003 WL 22145644, at *10 (N.D.N.Y. Sept. 11, 2003) (citation

omitted).  First, based upon the objective medical evidence, the ALJ must

---

[3]For example, Dr. Anne Barsh, also a treating physician, opined that she had no limitations standing, walking or sitting.  (Tr. 198).  Dr. Barsh also found that Elmore had the capacity to lift, carry up to 10 pounds and limited ability to push and pull.  *Id.*

11

determine whether the impairments "could reasonably be expected to produce the pain or other symptoms alleged..."  20 C.F.R. §§ 404.1529(a), 416.929(a); *see Crouch*, 2003 WL 22145644, at *10.  "Second, if the medical evidence alone establishes the existence of such impairments, then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which it limits the claimant's capacity to work."  *Crouch*, 2003 WL 22145644, at *10 (citing 20 C.F.R. §§ 404.1529(c), 416.929(c)).

A plaintiff may suffer some degree of pain as a result of a condition, however, some pain does not automatically translate into disabling pain.  *See Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983) ("disability requires more than mere inability to work without pain").  Moreover, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability."  *See* 42 U.S.C. § 423(d)(5)(A).

Where the alleged symptoms suggest that the impairment is greater than demonstrated by objective medical evidence, the ALJ will consider other factors.  These factors include daily activities, the location, duration, frequency and intensity of symptoms, the type, effectiveness and side effects of medication, and other treatment or measures to relieve those

12

symptoms.  *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); Social

Security Ruling (SSR) 96-7p.  "The reasons for the credibility finding must

be grounded in the evidence and articulated in the determination or

decision."  SSR 96-7p.

Therefore, "[a]n [ALJ] may properly reject [subjective complaints]

after weighing the objective medical evidence in the record, the claimant's

demeanor, and other indicia of credibility, but must [do so explicitly and] set

forth his or her reasons with sufficient specificity to enable [the courts] to

decide whether the determination is supported by substantial evidence."

*Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (internal quotation

marks, citation omitted); *see Brandon v. Bowen*, 666 F. Supp. 604, 608

(S.D.N.Y. 1987).  The pain must be properly evaluated, considering the

applicant's credibility and motivation as well as the medical evidence of

impairment to reach an independent judgment concerning the true extent

of the alleged pain, and the degree to which it hampers the applicant's

ability to engage in substantial gainful employment.  *See Marcus v.

Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

Here, Elmore contends that the ALJ did not properly credit her

subjective complaints of pain.  More specifically, she argues that the ALJ

failed to consider her long work history of physically demanding work.  She also argues that there is objective medical evidence supporting her complaints of both neck and back pain.  These contentions are without merit.  The ALJ's decision is supported by substantial evidence because the medical evidence does not support the conclusion that Elmore's impairments that are as limiting as she alleges.  (Tr. 14).  Her complaints of pain are not consistent with her level of treatment because she has always been treated conservatively.  *Id.*  Moreover, the ALJ noted that Elmore had begun vocational training, but did not continue it due to her mother's death.  (Tr. 14, 38).  While Elmore may suffer from some pain, it does not limit her from attending to her personal needs, taking care of her children, shopping, doing household chores, or driving a car or managing her finances.  (Tr. 14).  Accordingly, the ALJ's decision is based on substantial evidence.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED,** that the decision denying benefits is **AFFIRMED**; and it is further

**ORDERED,** that the Clerk of the Court serve a copy of this Order

14

upon the parties.

**IT IS SO ORDERED.**

November 18, 2005
Albany, New York

Gary L. Sharpe
U.S. District Judge